*1128 OPINION.
Milliken:
The parties are in agreement that tangible property paid in for capital stock in 1915 should be valued for invested capital purposes at its actual cash value when paid in, but they are in disagreement as to the amount of the actual cash value, thus presenting a question purely of fact for determination. The circumstances which lead up to the organization of the petitioner are detailed in the findings of fact. The respondent has held that the actual cash value of the tangible property under consideration was no more than the amount of $88,159.08, at which it was entered in 1915 on petitioner’s books. Respondent attaches significance to the entry, but we are satisfied that no attempt was made to set up the real values. Respondent mainly relies on the bankruptcy -of the Exline-Reimers Co. and the fact that the unsecured creditors accepted 25 cents on the dollar in settlement of their claims, as indicative of the fact that the tangible property did not have an actual cash value in excess of the amount determined by him. The respondent offered no evidence of value other than that afforded by entries on the books of the bankrupt and of the petitioner. The amount of value claimed by the petitioner is the aggregate shown by the books of the bankrupt, $250,308.55, less 10 per cent for depreciation in 1915 — $25,030.16, leaving a value claimed, amounting to $225,273.39. There is a discrepancy of a few cents unaccounted for.
A large amount of evidence was adduced relative to the value of the engraving stones which were purchased from the bankrupt and paid in to the petitioner for capital stock. We are satisfied of the importance of these assets to the going concern and that their value is generally recognized in the industry. It is in evidence that 50 per cent of the stones are of current value and use, and one-half of the total cost of all of the stones is their value, and they are not subject to physical depreciation.
No doubt the financial condition of the Exline-Reimers Co. is evidence of value and lends plausibility to the determination of the respondent, but the testimony of record given by witnesses competent to testify as to the value of the tangible property when acquired by petitioner leads to the conclusion that the machinery and equipment had an actual cash value when acquired of $168,143.66. The engraving stones had an actual cash value of $31,738.74. Cf. Appeal of The Markenheim Co., 1 B. T. A. 1240; Appeal of Pittsburgh Grinding Wheel Co., 2 B. T. A. 712; and Appeal of Plymouth Coal Mining Co., 3 B. T. A. 1023.
*1129 In determining earned surplus for invested capital purposes for the years in question the machinery and equipment of the actual cash value of $168,143.66 should be depreciated at the rate of 10 per cent per annum from 1916 to 1920.

Judgment will be entered upon 15 days'1 notice, under Rule 50.

Considered by Marquette, Phillips, and Van Foss an.